**UNITED STATES of America, Plaintiff,**

v.

**Mark Joel PODOLNER, Defendant.**

**No. 69–CR–71.**

United States District Court, E. D. Wisconsin.

Nov. 23, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Sander N. Karp, Milwaukee, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, Chief Judge:

Defendant, Mark Joel Podolner, is charged in a one-count indictment with wilfully failing and refusing to submit to induction, in violation of Title 50 Appendix, United States Code, § 462. He has moved for judgment of acquittal and renewed a motion to dismiss the indictment. Trial by jury was waived, and the matter was tried before the Court. After the close of all the evidence, the defendant moved for a directed verdict of acquittal. For the reasons stated below, I find the defendant not guilty of the charge contained in the indictment.

When the defendant first registered with the Selective Service System at the age of 18, he included in his Classification Questionnaire a request for Form 150, claiming status as a conscientious objector. Less than a month later, on July 11, 1966, the local board classified him 1–A. On July 12, 1966, the local board mailed him SSS Form 110, Notice

of Classification. The defendant immediately filed an appeal of his classification, and on July 20, 1966, the local board mailed to him SSS Form 150. The defendant completed that form and returned it to his local board on August 1, 1966.

On September 12, 1966, defendant's file was sent to the Illinois State Appeal Board, and on September 16, 1966, State Headquarters returned the file to the local board to enable them to consider defendant's Conscientious Objector Form. On November 21, 1966, the local board considered the defendant's request for status as a conscientious objector and kept the defendant in class 1–A, mailing Form 110 to him on the next day.

By letter dated November 29, 1966, the defendant appealed his 1–A classification and requested a personal appearance. Defendant was not granted an appearance at that time. On December 16, 1966, defendant's file was sent to the Illinois State Appeal Board. On April 19, 1967, the Appeal Board reviewed the defendant's file and tentatively determined that he should not be classified 1–0. The Appeal Board then requested an advisory recommendation from the Department of Justice pursuant to the regulations of the Selective Service System then in effect, specifically Regulation 1626.25.

On October 21, 1967, the defendant, his counsel, and witnesses appeared before a hearing examiner who subsequently recommended to the Department of Justice that defendant's appeal be denied. The Department of Justice's recommendation to the Appeal Board, which included a résumé of the F.B.I.'s investigation of the defendant, concluded that the defendant's claim for status as a conscientious objector should be denied. The defendant sent a letter to the board in reply to the Justice Department's recommendation along with his own summary of the proceedings before the hearing examiner. In that letter, as well as at trial, the defendant expressed his views as to the absurdity of all war and

as to his belief in a Supreme Being. He claimed that he would not participate in any war and that his religious convictions, though in a formal sense untraditional, encompass belief in a Supreme Being.

On February 14, 1968, defendant was ordered to report for a physical examination on March 19, 1968. On April 1, 1968, the defendant appeared before his local board for a courtesy hearing. The board reviewed the case and refused to reopen the classification, of which defendant was notified. On May 6, 1968, defendant was mailed Form 62, Notice of Acceptability for Military Service. On June 18, 1968, the defendant was sent an order to report for induction on July 3, 1968. Following the defendant's transfer of his induction to the Dane County, Wisconsin, Transfer Board, the defendant was ordered to report for induction on July 24, 1968, in Milwaukee, Wisconsin. He reported but refused to submit to induction.

The defendant relies primarily on two contentions: (1) that there is no "basis-in-fact" (Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946)) in the record to justify the local board's and the Illinois State Appeal Board's denial to defendant of conscientious objector status, and (2) that the failure of both boards to specify the reasons for that denial is fatal to the validity of the induction order which was later issued. It is unnecessary that defendant's first assertion be considered, since his second defense is dispositive of the case.

It was undisputed at trial that no reasons were given to the defendant by the local and Appeal Boards for the denial of his conscientious objector claim. That fact brings defendant clearly within the ambit of the Seventh Circuit's holding in United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970). Judge Fairchild there stated, relying on plentiful case law authority from several other circuits (e. g., United States v. Haughton, 413 F.2d 736 (9th Cir. 1969); United States v. Broyles, 423 F.2d 1299 (4th Cir. 1970); United States v. James, 417 F.2d 826 (4th Cir. 1969); O'Brien v. Resor, 423 F.2d 594 (4th Cir. 1970); United States v. Jakobson, 325 F.2d 409 (2d Cir. 1963)), that in the "difficult area of claims as conscientious objector there are factors which militate against a presumption that the board applied correct legal principles * * *" (430 F.2d at 623). The Court held that faced with the issue of a rejected facially sufficient conscientious objector claim in a case in which the board did not state its reasons for rejection and the reasons actually relied on were not clearly apparent, the challenged classification should be deemed invalid. Podolner has described beliefs which on their face satisfy the legal requirements of conscientious objector status,* and the reasons for which his claim was denied are not clearly apparent from the record. Therefore, the *Lemmens* case controls and dictates a judgment of acquittal.

It should be noted that the Court would reach the same conclusion in this case were it to rely on Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), instead of on United States v. Lemmens.

For the foregoing reasons,

It is ordered that defendant's motion for judgment of acquittal must be and it is hereby granted, and that defendant be and he hereby is found not guilty of the charge contained in the indictment.

---

* Those requirements are: (1) opposition to war in any form (Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168 (1971)); (2) opposition based upon religious belief, as that term has been interpreted by the courts (United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970)); and (3) sincerity (Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955)).